UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 17-55-HRW

CHARLENE SUE RAMEY, PLAINTIFF,

v. MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in May 2015, alleging disability beginning on April 2, 2010, due to "vaginal and vulvar cancers: stage 1, broken forearm 2 steel plate and 9 pins in right forearm, rheumatoid arthritis, 2 broken fingers, fractured right wrist, COPD, hypertension, manic depression: suicidal thoughts and anxiety" (Tr. 284).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maia Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony T. Michael, Jr., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 46 years old at the time of the hearing decision. She has a 12th grade education (Tr. 285). There are no records of a job after 2008; before 2008, Plaintiff worked as a cashier, sandwich maker and shelter worker (Tr. 36 and 286).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 27).

The ALJ then determined, at Step 2, that Plaintiff suffers from depression, anxiety, osteoarthritis, COPD, obesity and hypertension, which he found to be "severe" within the meaning of the Regulations (Tr. 27-28).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28-30).

The ALJ further found that Plaintiff could not perform her past relevant work (Tr. 36) but determined that she has the residual functional capacity ("RFC") to perform light exertion work that required no more than frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent stooping, kneeling, crouching, and crawling; avoidance of concentrated exposure to vibration and pulmonary irritants; no more than frequent handling with the right arm; no reaching behind with the right arm. Further, the ALJ found that Plaintiff can understand, remember, and carry out simple instructions with a brief initial learning period and little judgment required; subject to occasional changes in the work setting; occasional interaction with co-workers and supervisors, with no tandem tasks; no interaction with the general public; and low stress work, defined as no fast-paced production rates (Tr. 30).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 36).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff alleges several errors on appeal:

(1) the ALJ erred by not finding her presumptively disabled due to cancer;

(2) the ALJ improperly weighed the medical opinions in the record;

(3) the ALJ did not correctly evaluate Plaintiff's subjective complaints; and

(4) the hypothetical to the VE was flawed and, therefore, the VE's response cannot be considered substantial evidence in support of the ALJ's decision.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that she presumptively disabled due to cancer. She argues that she had cancer and may still have it and that, as cancer is included in the Listings at Step Three, she is owed benefits. (Plaintiff's brief at pg. 24). Yet Plaintiff's conclusory statements are not evidence that she met the requirements of presumptive disability at Step 3.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at \*\*2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how

5

severely, does not qualify." *Sullivan*, at 530.

>Listing 13.23 provides in pertinent part:
>
>>Cancers of the female genital tract—carcinoma or sarcoma (including primary peritoneal carcinoma).
>>
>>. . . .
>>
>>C. Vulva or vagina, as described in 1, 2, or 3:
>>
>>1. Invading adjoining organs.
>>2. With metastases to or beyond the regional lymph nodes.
>>3. Persistent or recurrent following initial anticancer therapy."

20 CFR Part 404, Subpart P, Appendix 1, Listing 13.23( c).

Plaintiff was diagnosed with cancer of the vulva in late 2014; it was successfully treated by a surgical procedure performed by Holly Gallion, M.D., (Tr. 1016-1017), with follow up medical records indicating that there had been no invasion of adjoining organs (Tr. 1023, 1028, 1031, 1059). Re-excision surgery of the vulva was performed a year later, in April 2015, with additional biopsies resulting in pre and post-op diagnoses of cancer in situ of vulva (defined as in its original place) (Tr. 1060, 1080). The record does not disclose that Plaintiff's cancer satisfies Listing 13.23: there is no evidence that the vulva had invaded adjoining organs, that metastases had been discovered to or beyond regional lymph nodes, or that the condition had been persistent or recurrent following initial anticancer therapy in 2015. These are the defined key elements in assessing the severity of Plaintiff's alleged cancer related impairment in 13.23. Clearly, the medical records show that she does not meet the requirements for severity as related to her successfully treated cancer of the vulva, as none of those factors exists. *See* 20 CFR Part 404, Subpart P, Appendix 1, Listing 13.23( c). Therefore, Plaintiff's argument that her successfully treated vulva cancer, in essence, meets a listing, is unsupported and not a viable argument that

she is disabled.

Plaintiff's second claim of error is that the ALJ improperly weighed the medical opinions in the record. She asserts that the "overwhelming weight if the treating and examining opinions" prove she is disabled. (Plaintiff's Brief at pg. 9).

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory

7

findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

The Court first notes that, contrary to Plaintiff's assertion, there are no opinions from treating sources in the record. The opinion evidence comes from state agency physicians, William Rigby, Ph.D., Jack Reed, M.D. and Ed Ross, Ph.D.

In August 2015, psychologist, William R. Rigby, Ph.D., evaluated. (Tr. 607-610). Dr. Rigby's report shows that Plaintiff presented with complaints of depression, anxiety, poor appetite, sleep disturbance, low energy, low self-esteem, shortness of breath, rapid breathing, sweating when overwhelmed, crying spells, and forgetfulness. Dr. Rigby noted Plaintiff was oriented times three, with intact concentration and attention, mildly depressed mood, and intact short-term and long-term memory. He diagnosed Plaintiff with a depressive disorder. He opined that Plaintiff retained the ability to understand and remember simple instructions with no impairment in sustaining concentration and persistence to complete tasks in a normal time. Dr. Rigby further opined that Plaintiff had a moderate impairment in maintaining social interactions with supervisors, friends, and the public; and a moderate impairment in adapting and responding to the pressures of normal day-to-day work activity (Tr. 610).

During the administrative proceedings, state agency medical consultants Jack Reed, M.D., and Ed Ross, Ph.D., reviewed Plaintiff's records. Dr. Reed assessed limitations consistent with a range of light exertion work (Tr. 135-137), and Dr. Ross opined that Plaintiff was subject to mild limitations in activities of daily living; and moderate difficulties in maintaining social

8

functioning and in maintaining concentration, persistence or pace (Tr. 138-140).

It is clear that the ALJ considered these opinions; they are reflected in his RFC. It would appear that Plaintiff's argument regarding the medical evidence is that she simply does not agree with the ALJ. However, without evidence that the RFC is based upon flawed evidence, her argument is not to no avail. An ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

In this case, the ALJ's assessment is consistent with the medical opinions of record.

Plaintiff also contends that the ALJ did not correctly evaluate Plaintiff's subjective complaints.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" "[her] statements concerning the

9

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 35).

Here, no treating source suggested specific functional limitations. The diagnosis of a condition is not tantamount to disability as it reveals nothing of the limitation on work-related activity. *See Foster v. Bowen*, 853 F.2d 483 (6th Cir. 1988). Moreover, the medical records show few objective findings which would support Plaintiff's allegation of disabling pain and only conservative treatment for her symptoms.

As for Plaintiff's argument regarding the "pain standard", it is without merit. The so-called pain standard derives from 20 C.F.R. § 416.929 and appurtenant regulations. "[A]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96–7p, at *1. Instead, the ALJ must consider the following factors:

> I) [D]aily activities;
>
> (ii) The location, duration, frequency, and intensity of ... pain;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication ... taken to alleviate ... pain or other symptoms;
>
> (v) Treatment, other than medication, ... received for relief of ... pain;
>
> (vi) Any measures ... used to relieve ... pain.

*Staskievitz v. Comm'r Social Security*, 2013 WL 5676257 at *4 (E.D. Mich. 2013)

10

In this case, the ALJ considered each of the above factors. The medical opinions, Plaintiff's inconsistent statements, and her course of treatment all supported the ALJ's finding that her symptoms were not as severe as she alleged. Based upon the record, Plaintiff's subjective complaints do not pass Duncan muster and the Court finds no error in the ALJ's analysis.

Finally, Plaintiff maintains that the hypothetical to the VE was flawed and, therefore, the VE's response cannot be considered substantial evidence in support of the ALJ's decision. However, the Court finds that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 20th day of February, 2018.


Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**